Peck, J.
The only question that has been presented to us as arising upon this record, is, whether a justice of the peace, before *91 whom a cause is being tried through the intervention of a jury, can be required by either party to be sworn and testify in such cause, the other party objecting thereto.
The policy of our statute “regulating the jurisdiction and procedure before justices of the peace,” etc. (Swan’s Statutes, 500), is to secure, as far as practicable, a fair and strictly impartial trial, and to that end, withdraws from the jurisdiction of the justice of the peace, all cases where he is interested in the controversy, or-in which either party is connected with him by marriage or consanguinity, as father, or father-in-law, son, or son-in-law, brother, or brother-in-law, uncle, nephew, or cousin, or sustains toward him the fiduciary relation of guardian or ward. See 3d subdivision 2 and 3. And to the same wise and just end, also, provides, that if at any time before the trial shall have commenced, it shall be made satisfactorily to appear to the justice, before whom any cause is instituted, or is pending for trial, by affidavit of either party, that such justice is a material witness for either party, or that a fair and impartial trial can not, as he believes, be had in such township, *the cause shall be, in the first case, transferred to some other justice of the township for trial; and in the last, to some justice-of an adjoining township. Sees. 57, 58, etc., Swan’s Statutes, 510.
These provisions indicate, that, in the view of the legislature, in order to secure a fair and impartial trial, the justice before whom the cause is tried, should not be permitted to testify therein, except with the assent of both parties. He substantially constitutes the jury who are to try the cause, by furnishing the list of names from which they are selected, and determining their competency at the time of impaneling. He also determines all questions as to the-relevancy of the testimony delivered to them, and they are accustomed to look to him for instructions as to the law, and its application to the facts in evidence. If thus circumstanced, he is permitted to throw into the scales the weight of his influence and official position, there is reason to apprehend it will create an undue preponderance, and there is really no necessity for permitting it. Before the jury has been impaneled, and the trial commenced, both parties are aware, or at least ought to be, of the witnesses they desire to have examined on the trial, and should then take the. steps indicated by the statute, to have the cause removed. If they fail to do this, they ought to be regarded as waiving the right to-examine the justice. The justice presiding, swears the witnesses- *92 .and determines the competency and relevancy of their testimony; but who, in such case, is to administer the oath to the justice, and who is to-decide as to the competency and relevancy of his statements? If another justice could legally administer the oath, he could have no authority to interfere with the conduct of the trial, ■or decide upon the competency or relevancy of the testimony such justice might give. If the justice should refuse, upon cross-examination, to answer questions relevant to the issue, who is to enforce his obedience, or to punish him for contempt ?
*We have been referred to the practice heretofore prevailing in courts of record, in which the judge has been examined in a ■cause tried by a jury; but there is no analogy between the cases. There is no statutory provision in relation to those courts for the removal of a case into another jurisdiction, when it is desired to have the testimony of the judge, and there is therefore a seeming necessity for-such examination. Another person (the clerk) is by law authorized to administer the oath, and when the practice Alluded to prevailed, there were other judges also on the bench ■(the associates), who could determine all questions arising upon .such examination. Whether a judge of the common pleas court, as at present constituted, would, while sitting alone, consent to testify where the opposite party objected, is at least questionable; the better course for him, if the evidence was material and the other party does not assent, would be to continue the case until another judge could be procured to try it.
We have been referred to certain cases in New York, showing it .to be well' settled in that state, that, in a jury trial pending before him, the statements of the justice so presiding, whether under oath or not under oath, are not testimony unless made so by consent of parties. 1 Johns. 520; 5 Id. 129; 10 Id. 250, 253; Cowen’s Treatise, 879. These cases, however, are made to depend upon the peculiar provisions of the statute of that state, in some respects dissimilar to ours, and for that cause no direct authority in the case under consideration.
Upon full consideration, we are unanimously of the opinion that it was not competent for the justice in the case before us, and against the protest of the plaintiff, to testify in the cause. We are Jed to this conclusion in consequence of the provisions of the statute regulating the jurisdiction and procedure before justices of the *93 peace, and the obvious intent of the legislature deducible from those-provisions.
*The judgment of the Morrow county court of common picas, reversing the judgment of said justice of the peace, is hereby reversed, and the judgment of the said justice is hereby affirmed.
Brinkerhoee, C. J., and Scott, Sutliee, and G-holson, JJ., concurred.